IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DEWEY RAY LAVENDER and
STEVEN WARREN,

    Plaintiffs,

v.

                                              C.A. No. 13-2042-LPS

SCOTT KOENIG, individually and
in his official capacity as City Manager;
KIM HAWKINS, individually and in
her official capacity as Director of Human
Resources; the CITY OF DOVER COUNCIL
and the CITY OF DOVER,

    Defendants.

## MEMORANDUM ORDER

At Wilmington this 19th day of March, 2015:

Having reviewed the parties' briefing (D.I. 4, 5, 6) and heard oral argument on July 22, 2014 ("Tr."), IT IS HEREBY ORDERED that Defendants' motion to dismiss (D.I. 3) is DENIED WITHOUT PREJUDICE to renew after Plaintiffs file a second amended complaint as permitted by this Memorandum Order.

1.      Dewey Ray Lavender and Steven Warren ("Plaintiffs") worked for the city of Dover, Delaware ("the City"), at the City's power generating plant. In February 1996, when the Plaintiffs each had about 15 years of service with the City, the City negotiated a contract with an operating services company ("Duke") to operate the plant going forward. (D.I. 4 Ex. A at 7) In lieu of becoming unemployed, Plaintiffs were offered the opportunity to become employees of Duke. They chose to work for Duke, and elected a 50% cash-out option for their accumulated

1

sick leave benefits while remaining vested in the City's pension plan. (*Id.*) In July 2012, the Plaintiffs applied for pension benefits and were denied. (*Id.* at 5)

2. Plaintiffs appealed the denial to the Dover City Council ("the Council") on September 19, 2012. (*Id.* at 5) Plaintiffs' counsel, in preparation for a hearing on the Plaintiffs' appeal at the November 26, 2012 meeting of the Council, submitted a letter brief via electronic mail to the City's solicitor on November 20, 2012. (D.I. 4 Ex. F) Attached to that letter were exhibits, including, among other things, copies of letters from Duke offering employment to the Plaintiffs in February 1996 (D.I. 4 Ex. B). An agenda produced for the November 26, 2012 Council meeting contained, as attachments, copies of these letters, as well as copies of a spreadsheet summarizing personnel decisions for the Duke hires (D.I. 4 Ex. C), copies of summarized sick leave accumulations with the City for both Plaintiffs (D.I. 4 Ex. D), and copies of Statement of Intent forms filed by the Plaintiffs with the City (D.I. 4 Ex. E). These exhibits disclose in various places financial information specific to Plaintiffs, particularly salaries and sick leave accumulations, as well as their home addresses. Publication of the exhibits was not expected by Plaintiffs and resulted in the delay and rescheduling of their appeal. (Tr. at 19-20) The Council met in executive session on May 6, 2013 and affirmed the denial of Plaintiffs' claim for pension benefits. (D.I. 4 Ex. A at 6)

3. Plaintiffs filed this action against the City, Council, Scott Koenig (individually and in his capacity as City Manager), and Kim Hawkins (individually and in her capacity as Director of Human Resources). (D.I. 4 Ex. A, at 1) Plaintiffs first filed their complaint in the Superior Court of Delaware in and for Kent County on August 21, 2013. Before service was

effected, an amended complaint was filed and served on December 6, 2013. Defendants removed the action to the District of Delaware on December 19, 2013.

4. Plaintiffs press six counts:

    a. Declaratory Judgement. Plaintiffs request to be declared "eligible employees" under the City of Dover Code, and thereby entitled to pension benefits. (D.I. 4 Ex. A at 3)

    b. Breach of Contract. Plaintiffs claim a contractual right to pension benefits from the City and assert that these benefits were improperly denied. (D.I. 4 Ex. A at 4-10)

    c. Breach of Implied Covenant of Good Faith and Fair Dealing. Plaintiffs allege that Defendants acted in bad faith by misrepresenting the options available to Plaintiffs during the transition of control of the City power plant in 1996. (D.I. 4 Ex. A at 10-11)

    d. Violation of 42 U.S.C. §1983 (Koenig and Hawkins). Plaintiffs assert a "right of informational privacy" grounded in the First, Third, Fourth, Fifth, and Ninth Amendments of the U.S. Constitution, which Defendants Koenig and Hawkins allegedly violated by publishing documents containing Plaintiffs' personal information. (D.I. 4 Ex. A at 11-12)

    e. Violation of Delaware Const. Art. 1, §9 (Koenig and Hawkins). Plaintiffs assert a violation of their rights under the Delaware Constitution. (D.I. 4 Ex. A at 12-14)

  f.  Violation of 42 U.S.C. §1983 (City and Council). As in the fourth count, above, Plaintiffs assert that the City and Council violated their right to privacy by publication of their personal information. Plaintiffs further allege in this count that the City and Council acted with deliberate indifference to Plaintiffs' rights, specifically by failing to supervise or train City and Council employees or personnel. (D.I. 4 Ex. A at 14-15)

5. Plaintiffs seek declaratory relief as well as compensatory and actual damages, consequential damages, costs and attorney fees, pre- and post-judgment interest, and punitive damages. (D.I. 1 Ex. A at 12-13)

6. On January 29, 2014, Defendants filed a motion for partial dismissal of the § 1983 claims and the Delaware Constitution claim, pursuant to Fed. R. Civ. Proc. 12(b)(6) for failure to state a claim on which relief may be granted. (D.I. 3)[1] Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all well-pled factual allegations of the complaint. *See Spruill v. Gillis,* 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio*

---

[1] Although Defendants' motion was untimely, *see* F.R.C.P. 81(c), Plaintiffs acknowledge (Tr. at 27) that the Court has discretion to consider it nonetheless and the Court has decided to exercise this discretion. Particularly at this early stage of the proceedings, and given the lack of prejudice to Plaintiffs, the Court finds it appropriate to consider Defendants' motion on the merits.

v. *Aetna, Inc.*, 221 F.3d 472, 481–82 (3d Cir. 2000) (internal quotation marks omitted). However, "[t]o survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted). The Court not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996).

7. By their motion, Defendants seek to dismiss just the § 1983 claim against Koenig and Hawkins, the Delaware Constitutional claim against Koenig and Hawkins, and the § 1983 claim against the Council and City.[2] Defendants assert multiple bases for dismissal, including

---

[2]If the motion were granted in full, all that would remain are the state-law claims for declaratory judgment, breach of contract, and breach of the implied covenant of good faith and fair dealing. The Court agrees with what it understands to be the parties' unanimous view that if, either by Plaintiffs' choice in an amended complaint or by operation of a court order following a motion to dismiss an amended complaint, this case eventually consists of only state-law claims, the Court should refrain from exercising its supplemental jurisdiction and should instead remand the

that Plaintiffs fail to state a claim on which relief may be granted because there is no constitutional right to informational privacy (D.I. 4 at 7-10); and even if there is such a right it was not violated here (*id.* at 12-14); and further the municipal Defendants cannot be liable because Plaintiffs fail to adequately plead any disclosure of their private information was done pursuant to a "policy or custom" (*id.* at 14); and finally the Council, as an agency of the State of Delaware, lacks capacity to sue or be sued (*id.* at 15).

8. Although Defendants have argued that there is no constitutionally protected right to informational privacy (*see* D.I. 4 at 7), and they reasonably wish to preserve their right to maintain that argument (*see* Tr. at 8), they do not meaningfully challenge Plaintiffs' view that the Third Circuit, in *Fraternal Order of Police v. City of Phila.*, 812 F.2d 105 (3d Cir. 1987), "has acknowledged the existence of a constitutional right to informational privacy." (D.I. 5 at 6) The Court adopts the same approach taken by others, *see, e.g.*, *NASA v. Nelson*, 562 U.S. 134 (2011); *Warner v. Twp. of S. Harrison*, 885 F.Supp.2d 725 (D.N.J. 2012), and assumes for purposes of the pending motion that the Constitution does protect some types of private, personal information.

9. Having assumed there is a constitutional right to informational privacy, the Court must next assess whether any of the information regarding Plaintiffs that Defendants allegedly disclosed to the public constitutes information in which Plaintiffs had a reasonable expectation of privacy. *See Fraternal Order of Police*, 812 F.2d at 112. It appears that some of the disclosed information is of this type, while some of it is not. The information that appears to be

---

case to state court. (*See* Tr. at 17-18, 27)

within the scope of the assumed right is Plaintiffs' salary and bonus information. Although the disclosed salary information dates from 1996, the parties agree (although it is not alleged in the Complaint) that from this historical information one with knowledge of the City's pay scales could calculate Plaintiffs' approximate salaries as of 2012, and such more recent personal financial information would seem to be within the scope of an informational privacy right. Similarly, Defendants allegedly disclosed the amount of a bonus payment that will be paid to Plaintiffs in the near future (2020), which is again present-day financial information of a type in which Plaintiffs would seem to have a reasonable expectation of privacy. By contrast, Plaintiffs' home addresses in 1996 appear to be purely historical information (Plaintiffs do not allege these to be their current addresses) that would not be within the scope of a right to informational privacy.

10. The Court must next weigh Plaintiffs' interest in keeping their private information from disclosure against Defendants' interest in such disclosure. Here, as currently pled and given the absence of evidence, it looks as if this balance favors Plaintiffs, although only slightly. While Plaintiffs' interest in the privacy of the information at issue looks far less substantial than the interests at stake in cases on which Plaintiffs rely, *see, e.g., NASA,* 562 U.S. at 140-41 (disclosure of use or possession of illegal drugs); *Sterling v. Borough of Minersville,* 232 F.3d 190 (3d Cir. 2000) (sexual orientation); *Fraternal Order of Police,* 812 F.2d at 113-16 (disclosure of medical history, debts, credit quality, gambling, and alcohol use); *U.S. v. Westinghouse Elec. Corp.,* 638 F.2d 570, 572 (3d Cir. 1980) (employee medical records), Defendants have not articulated any reason why the information involved here had to be disclosed to the public. Counsel appear to agree (although it is not pled, nor otherwise properly

7

before the Court) that Council has the ability to operate (in part) in closed, "executive session," that it frequently does so when discussing detailed personnel matters (including discussions of personnel information that is protected under the City's policies), and in fact it conducted part of the consideration of Plaintiffs' very appeal in executive session. The public's right (if even applicable here) to know the details, on an individual-by-individual basis, of how taxpayer money is being spent on employee pensions does not seem to require immediate public disclosure of such information prior to or during the public Council session addressing the appeal. Defendants have not explained why such information could not be made public only after an initial non-public discussion or even later in response to a proper Delaware Freedom of Information Act ("FOIA") request.

11. For several reasons, the Court does not today deny or grant the motion on its merits. As noted in the discussion above, considerations that are potentially crucial to the Court's analysis are not yet in the record, including whether, when, and how the Council operates behind closed doors. Additionally, and importantly, Defendants only belatedly in their Reply Brief made the argument that Plaintiffs waived any right to keep their information private when they provided that information to Council in connection with their appeal. (*See* D.I. 7 at 1-4) Because Plaintiffs did not have an opportunity to respond to this argument in their brief, the Court will not credit Defendants' argument in connection with the pending motion – but in making a final, merits-related decision on a renewed motion it would be appropriate for both sides to be heard in full on this point. Moreover, while allusion has been made in the briefing and in oral argument to what information is protected under the City's personnel policy and

8

FOIA, and also to whether the Council Defendants lack capacity to be sued, neither side has provided the Court with any authority on any of these issues.

12. A further reason the Court is permitting leave to amend and not resolving the merits of the pending motion is that the Court would like any briefing on a future motion to dismiss also to address a potential qualified immunity defense with respect to the individual defendants.

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss (D.I. 3) is DENIED WITHOUT PREJUDICE to renew in response to the filing of a second amended complaint, should Plaintiffs choose to file such a complaint consistent with the terms of this Memorandum Order.

2. Plaintiffs have until no later than thirty (30) days from the date of this Memorandum Order to file a second amended complaint consistent with the terms of this Memorandum Order. Should Plaintiffs fail to do so, their failure may be a basis for the Court to dismiss this action.

                                                                             _____
                                                                             Honorable Leonard P. Stark
                                                                             United States District Court